UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-71

| | | |
|---|---|---|
| JOSEPH C. MOZINGO and wife, CLAIR M. MOZINGO | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | ORDER |
| ORKIN, INC, and ORKIN LLC, Defendants. | ) ) ) ) ) | |

This matter is before the court on Defendants Orkin, Inc.'s, and Orkin LLC's ("Orkin") Motion to Dismiss for Failure to State a Claim for Relief [DE-5] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Joseph C. Mozingo and wife, Clair M. Mozingo ("Mozingos") have filed a Response in Opposition [DE-8], and Orkin has filed its Reply [DE-11]. This matter is now ripe for disposition.

## I. STATEMENT OF THE CASE

This action arises out of a complaint filed, on April 30, 2010, by the Mozingos against Orkin in Pitt County Superior Court, in Greenville, North Carolina. Orkin was properly served with the complaint on May 10, 2010. Subsequently, on June 8, 2010, Orkin filed its Notice of Removal[1] [DE-1] in this court and attached thereto the Mozingos' state court complaint [DE-1], Ex. 1 and their first set of interrogatories and request for production of documents [DE-1], Ex. 1.

---

[1] In the Notice of Removal, Orkin claims that the Mozingos submitted a repair estimate in the amount of sixty one thousand five hundred and 00/100 dollars ($61,500.00). Furthermore, as the Mozingos are seeking treble damages based on the unfair and deceptive trade practice claim, Orkin believes that the amount in controversy requirement for removal jurisdiction has been met. Although, diversity of citizenship is not an issue in this case, Orkin provides that it is a Delaware corporation with its principal place of business in Georgia, while the Mozingos are residents of Pitt County, North Carolina.

1

In the complaint filed in Pitt County Superior Court, the Mozingos allege four claims for relief against Orkin: (1) breach of contract; (2) breach of express warranty; (3) negligence; and (4) unfair and deceptive trade practices. The Mozingos demand a jury trial and seek damages[2] in excess of $10,000 as to each count, treble damages, attorney's fees and costs. On June 15, 2010, Orkin filed their Motion to Dismiss [DE-5] for Failure to State a Claim for Relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF THE FACTS

This case centers on a December 2, 1970 retail installment contract ("Orkin Contract") entered into by Orkin and J. Lloyd Allen and wife, Mildred Allen for termite pretreatment and lifetime control of termites for a residence ("House") located on 4485 NC 121, Farmville, NC 27828. [DE-1], Ex. 1, Compl. ¶ 6. On July 31, 1991, Mildred Allen conveyed the House and assigned the Orkin Contract to the Mozingos.[3] [DE-1], Ex. 1, Compl. ¶¶ 7 – 8.

Pursuant to the Orkin Contract, the House was pretreated in 1970. [DE-1], Ex. 1, Compl. ¶ 9. The pretreatment required drilling holes in the ground underneath and around the House and the House's garage base to insert chlorodane, a chemical used to prevent termite infestation. *Id.* As an obligation under the Orkin Contract, Orkin's representatives would conduct yearly inspections of the House for termites. [DE-1], Ex. 1, Compl. ¶ 11. The inspections would consist of entering the crawl space under the House to inspect for termites and marking the

---

[2] Pursuant to North Carolina Rules of Civil Procedure, the claims for relief in the complaint do not require a plaintiff to state an exact monetary amount in the demand for judgment in order to satisfy the pleading requirement. *See* N.C. Gen. Stat. § 1A-1, Rule 8 (stating "wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000)").

[3] In their verified complaint, Mozingos explicitly claim that the Orkin Contract was assigned to them by Mildred Allen, the original owner of the House, when the home was purchased. [DE-1], Ex. 1, Compl. ¶ 8. The Mozingos, in their memorandum in opposition to Orkin's motion to dismiss, claim that the Orkin Contract may not have been assigned to them by the original owners. [DE-9], Pls. Memo at 3.

corners of the House to illustrate that the inspection had been completed. [DE-1], Ex. 1, Compl. ¶ 15.

The Orkin Contract also provides several guaranties, one of which is central in this case. The "Special Total Protection Lifetime Subterranean Termite Guaranty" in the Orkin Contract provides that:

> *Subject to the general terms and conditions*, Orkin will issue a special total protection lifetime subterranean termite guaranty and, at no extra cost, *make such repairs to the structure and contents to remedy any new damage caused by subterranean termites, provided that it is established that said new damage was caused by subterranean termite after the date of initial treatment and that at the time of discovery of the new damage, the damaged areas are infested with live subterranean termites. Orkin will be responsible for such repairs only when made with Orkin approval and under Orkin supervision and control.* The purchaser further understands that Orkin's liability for such repairs shall in no event exceed *$100,000.00 aggregate loss* and is limited to structural and contents damage.

[DE-5], Ex. 1, Orkin Contract (emphasis added). Moreover, the "General Terms and Conditions" provision ("contractual statute of limitations clause") of the Orkin Contract specifies that:

> *Any claim for breach of any Guaranty* shall be made forthwith in writing to said ORKIN EXTERMINATING COMPANY, Inc., 2170 Piedmont Road, Atlanta, Georgia, 30324. *No Suit shall lie hereunder unless the provisions of Paragraph 5 have been complied with and unless brought within one (1) year after the making of said written demand.*

[DE-5], Ex. 1, Orkin Contract ¶ 4 (emphasis added).

On or about November 16, 2005 and in March 2007, the Mozingos contend that they observed insects in their house and requested that Orkin immediately inspect the House. [DE-1], Ex. 1, Compl. ¶¶ 17, 20. On both occasions, the Mozingos allege, after inspecting the House, that Orkin concluded that the insects observed were not termites. [DE-1], Ex. 1, Compl. ¶¶ 18, 21. In March 2008, the Mozingos allege that they found their entryway into their kitchen

3

covered with flying insects and requested that Orkin inspect the House. [DE-1], Ex. 1, Compl. ¶ 24. On this occasion, after sending the insects for testing, the Mozingos claim that Orkin's lab concluded the insects to be termites. [DE-1], Ex. 1, Compl. ¶ 23. The Mozingos further allege that an onsite review by Orkin's branch manager found infested areas of termites in the garage and the kitchen areas of the House. [DE-1], Ex. 1, Compl. ¶ 24.

On or about May 1, 2008, the Mozingos contend that they knew that the annual inspections were conducted improperly when they noticed that Orkin did not mark the corners of the House each year or otherwise note that the inspections had been completed. [DE-1], Ex. 1, Compl. ¶ 16. Moreover, the Mozingos found a termite-infested piece of wood lying free underneath the House. *Id.* In addition, the Mozingos allege, in a Termite Service Report dated March 27, 2008, that Orkin's representative stated that it appears that Orkin did not drill holes when the House was pretreated in 1970. [DE-1], Ex. 1, Compl. ¶ 10.

In two letters, dated April 4, 2008, and September 23, 2008, the Mozingos allege that Orkin's branch manager accepted liability on behalf of Orkin for the visible termite damage in the kitchen cabinets and behind the refrigerator. [DE-1], Ex. 1, Compl. ¶ 25. The Mozingos claim that the structure and contents of the House, which includes the kitchen walls, kitchen floors, and the floor joints underneath the House, sustained termite damage. *Id.* The Mozingos also contend that they have removed small portions of exterior vinyl siding under the carport and found termite damage. *Id.*

On or about November 20, 2008, the Mozingos contend that they submitted a claim to Orkin for all damages to the House as a result of termite infestation. [DE-1], Ex. 1, Compl. ¶ 28.

4

The Mozingos claim that Orkin "refused and continue to refuse to complete the repairs or to pay for the structural and contents damage to the House." *Id.*

### III. STANDARD OF REVIEW

#### A. Standard of Review for Motion to Dismiss

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986).

Moreover, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). To survive a motion to dismiss, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The issue in reviewing the sufficiency of the pleadings in a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims made. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.

1996); *See generally*, 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate).

### B. Conversion of Motion to Dismiss to Motion for Summary Judgment is Inappropriate

Because a number of documents were attached to Orkin's Motion to Dismiss [DE-5] and the Mozingos' Response in Opposition [DE-8], it is necessary to determine which exhibits are properly before the court and whether a conversion of Orkin's instant motion to motion for summary judgment is appropriate in this matter.

In examining a motion to dismiss for failure to state a claim, the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F.Supp. 811, 813 (M.D.N.C. 1995). Under the plain language of Rule 12(d), a court may choose to exclude from its consideration of the motion to dismiss any matters presented outside of the pleadings. Fed.R.Civ.P. 12(d); *Federal Practice and Procedure* § 1366 ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and to rely on it, thereby converting the motion, or to reject it or simply not consider it.").

The court may "consider a document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *CACI Int'l,¶ O Inc. v. St. Paul Fire and Marine Ins., Co.*, 566

F.3d 150, 154 (4th Cir.2009) (internal quotations and citation omitted). To be classified as integral, the attached document must "be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Walker v. S.W.I.FT. SCRL*, 517 F.Supp.2d 801, 806 (E.D.Va. 2007). If the documents are deemed non-integral, the court has the option of either entirely disregarding the attached documents or, under limited circumstances, it may convert the motion to dismiss into a motion for summary judgment and consider all attached documents. *Fisher v. Maryland Dept. of Public Safety and Correctional Services*, 2010 WL 2732334, slip. op. at 2 (4th Cir. Jul. 08, 2010).

Here, Orkin has filed, along with their motion, the Orkin Contract and an affidavit from Jason Deichmueller, Orkin's branch manager, confirming the authenticity of the Orkin Contract and verifying that Orkin did, indeed, provide termite control services for the House owned by the Mozingos. Given that these documents are integral to the Mozingos' factual allegations, and that their authenticity is not contested by the Mozingos, the court will consider these documents without converting the instant motion to one for summary judgment.

In contrast, the affidavits, provided by the Mozingos with their response in opposition to Orkin's motion, will not be considered. These affidavits are not integral because they simply provide the Mozingos' account of the dispute, rather than being the source of their action. The mere fact that Orkin submitted the Orkin Contract and affidavit affirming its authenticity, when filing their motion to dismiss, does not automatically convert the instant motion into one seeking summary judgment. Furthermore, Orkin's motion to dismiss does not ask for summary judgment as an alternative remedy. Consequently, at this time, the court declines to consider the

7

affidavits submitted by the Mozingos in conjunction with their response in opposition to Orkin's motion to dismiss.

## IV. ANALYSIS

Orkin has filed a Motion to Dismiss [DE-5] for Failure to State a Claim for Relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to all of the Mozingos' claims.

### A. Jurisdiction and Choice of Law

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 *et seq* which allowed for proper removal. A federal court exercising diversity jurisdiction under 28 U.S.C. § 1332 must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). In North Carolina, courts adhere to the law of *lexi loci* and apply the substantive laws of the state in which the injuries were sustained. *Eagle Nation, Inc. v. Market Force, Inc.*, 180 F.Supp.2d 752, 755 (E.D.N.C. 2001). For procedural matters, North Carolina courts apply the rule of *lexi fori* and adhere to the procedural rules of the forum state. *Id.*

The complaint in this case, originally filed in Pitt County, North Carolina and later removed by Orkin to this court, alleges four causes of action against Orkin: (1) breach of contract; (2) breach of express warranty; (3) negligence; and (4) unfair and deceptive trade practices. The injuries alleged by the Mozingos were sustained in North Carolina. Moreover, as this court sits in the state of North Carolina, each cause of action alleged in the Mozingos' complaint must be determined according to North Carolina law.

8

## B. Unfair and Deceptive Trade Practices

The Mozingos' claim that Orkin engaged in unfair and deceptive trade practices by misrepresenting that: (1) the garage base had been pretreated; (2) annual inspections had been conducted properly; (3) the crawlspace under the House had been inspected; (4) for several years the insects in Plaintiffs' home were not termites; (5) Defendants would repair all structural and contents damage caused by termites up to $100,000 and then subsequently commit to repairing only the visible termite damage. [DE-1], Ex. 1, Compl. ¶ 45. Orkin has moved for dismissal, arguing that the Mozingos' claim for unfair and deceptive trade practices, pursuant N.C. Gen. Stat. §75-1.1, fails to state a claim for relief because absent substantial aggravating circumstances not alleged here, a breach of contract does not give rise to such claim. The Mozingos, in response,[4] argue that Orkin "warranted many facts," which would qualify as substantial aggravating circumstances, including reports that "no activity" was found "when the house was infected with subterranean termites" and guarantying that "it would repair all damage to the home," and then "refusing to do so." [DE-9], Pls. Mem. at 18.

North Carolina General Statute Section 75-1.1(a) of the unfair and deceptive trade practices act (UTDPA) provides: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." To establish a violation of Section 75-1.1 of the UDTPA, a plaintiff must show three elements: (1) an unfair or deceptive trade practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs. *Gray v. North Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68,

---

[4] The Mozingos also claim that Orkin's refusal "time and again to conduct exploratory demolition of the home" and numerous "bad faith estimates" regarding the requisite repair for termite damages satisfies the requirement of "substantial aggravating circumstances" needed for a valid unfair and deceptive trade practices claim under N.C. Gen. Stat. §75-1.1. These factual allegations, however, were not alleged in the complaint. These claims are supported only by the Mozingos' affidavits, which the court has already decided are improper in addressing Orkin's motion to dismiss. Therefore, the court will not consider these arguments when determining whether Mozingos' unfair and deceptive trade practices claim should be dismissed.

9

529 S.E.2d 676, 681 (2000). "The determination of whether an act or practice is an unfair or deceptive practice that violates [Section] 75-1.1 is a question of law for the court." *Id.*

The North Carolina Supreme Court has said:

> [A] practice is deceptive if it has the tendency to deceive. This Court has also observed that a practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Good faith is not a defense to an alleged violation of [the UDTPA]. Moreover, where a party engages in conduct manifesting an inequitable assertion of power or position, such conduct constitutes an unfair act or practice.

*Gray*, 352 N.C. at 68, 529 S.E.2d at 681 (citations and internal quotation marks omitted).

However, "actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [N.C. Gen. Stat.] § 75-1.1." *Branch Banking and Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, *disc. review denied*, 332 N.C. 482, 421 S.E.2d 350 (1992). Even if intentional, a breach of contract is insufficiently unfair or deceptive in the absence of substantial aggravating circumstances to constitute a UDTPA violation. *Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 975 (4th Cir.1997). To satisfy a showing of substantial aggravating circumstances, one would need to demonstrate "deception either in the formation of the contract or in the circumstances of its breach." *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (citing *United Roasters, Inc. v. Colgate-Palmolive*, 649 F.2d 985, 992 (4th Cir. 1981)).

For the case at bar, the Mozingos fail to provide a showing of substantial aggravating circumstances, as required, for pleading a sustainable unfair and deceptive trade practices claim arising out of a breach of contract. Although the Mozingos have astutely added the term "misrepresenting" when pleading their unfair and deceptive trade practices claim, the fact

10

remains that this dispute, distilled down, is one over whether Orkin breached its obligations and warranties under the Orkin Contract. Moreover, the facts supporting the Mozingos' unfair and deceptive trade practice claim are identical to the facts supporting their breach of contract and warranty claims. Therefore, Orkin's motion to dismiss the Mozingos' unfair and deceptive trade practices claim is ALLOWED.

### C. *Sua Sponte* Request to Show Cause for Subject-Matter Jurisdiction

After the dismissal of the unfair and deceptive trade practices claim filed by the Mozingos, the court is in question as to whether it may retain jurisdiction in the matter. The federal courts, unlike state courts, are courts of limited jurisdiction with specific jurisdictional requirements and limitations. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).

An action is properly removed to federal court for diversity of citizenship if the amount in controversy exceeds seventy-five thousand and 00/100 dollars ($75,000.00) and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). "The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 28 F.3d 148, 151 (4th Cir. 1994)); *see also Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged demonstrate basis for jurisdiction).

Because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order based on a lack of subject matter

jurisdiction. 28 U.S.C. § 1447(c). A remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, is not reviewable by a court of appeals. 28 U.S.C. § 1447(c, d).

Here, on April 30, 2010, the Mozingos filed a complaint against Orkin in state superior court. The Mozingos allege four claims for relief against Orkin: (1) breach of contract; (2) breach of express warranty; (3) negligence; and (4) unfair and deceptive trade practices. The Mozingos seek damages[5] in excess of $10,000 as to each count, treble damages, attorney's fees and costs. On June 8, 2010, Orkin filed its Notice of Removal [DE-1] in this court and attached thereto the Mozingos' state court complaint [DE-1], Ex. 1 and their first set of interrogatories and request for production of documents. [DE-1], Ex. 1. In the Notice of Removal [DE-1], Orkin claims that the Mozingos, prior to filing their complaint, submitted a repair estimate in the amount of sixty one thousand and five hundred 00/100 dollars ($61,500.00). In addition, because the Mozingos are seeking treble damages under the unfair and deceptive trade practice claim, this case meets the amount in controversy requirement for removal to federal court.

As this court has now dismissed the Mozingos' unfair and deceptive trade practice claim, the court is in view that this case no longer meets the amount in controversy requirement for jurisdiction based on diversity. Although, the court believes that remand of the remaining claims to state court is appropriate, the court will, nonetheless, provide both parties an opportunity to show cause as why this court should retain jurisdiction in this matter. Both parties shall submit their showings within fourteen (14) days of this filing of this order.

---

[5] As mentioned earlier, pursuant to North Carolina Rules of Civil Procedure, the claims for relief in the complaint do not require a plaintiff to state an exact monetary amount in the demand for judgment in order to satisfy the pleading requirement. *See* N.C. Gen. Stat. § 1A-1, Rule 8.

12

## IV. CONCLUSION

For the foregoing reasons, Orkin's Motion to Dismiss for Failure to State a Claim for Relief [DE-5] is ALLOWED IN PART and HELD IN ABEYANCE IN PART:

1. Orkin's motion to dismiss the Mozingos' unfair and deceptive trade practices claim is ALLOWED.

2. The court orders, *sua sponte*, to show cause why this removed action should not be remanded to State court for lack of subject matter jurisdiction. Both parties shall provide the court with their showing as to why this court should retain jurisdiction **within fourteen (14) days** of the filing of this order.

3. Orkin's motion to dismiss the Mozingos' breach of contract and warranty claim, and negligence claim is held in ABEYANCE until the resolution of whether this court may properly retain jurisdiction.

SO ORDERED.

This, the 8th day of March, 2011.

                                                      JAMES C. FOX
                                                     Senior United States District Judge